IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SMITH

       Plaintiff,                    No. 2:11-cv-1918 CKD P

    vs.

KIESZ                                 ORDER AND

       Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He alleges that defendant Kiesz, a nurse at California State Prison-Solano, where he was housed, was deliberately indifferent to a serious medical need, in violation of his right to free from cruel and unusual punishment under the Eighth Amendment. Specifically, plaintiff alleges that Kiesz observed him lying on the floor and that he told her he "felt light headed and faint," whereupon Kiesz "told me that she was not going to treat me, turned and walked away and never returned." Complaint at 3. Kiesz has filed a motion to dismiss for failure to state a claim on which relief can be granted.

        Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal on the basis that a plaintiff has failed to state a claim on which relief could be granted. When considering a motion under Rule 12(b)(6), the court must accept the allegations of the complaint

1

as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe it in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

Kiesz argues that the complaint fails to identify any harm caused by Kiesz's alleged indifference.  The Ninth Circuit has developed a two-part test for deliberate indifference:

> First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations and quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997).  A medical

1 need is serious if failure to treat the condition could cause further significant injury or the
2 unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059.

> The existence of an injury that a reasonable doctor or patient would
> find important and worthy of comment or treatment; the presence
> of a medical condition that significantly affects an individual's
> daily activities; or the existence of chronic and substantial pain are
> examples of indications that a prisoner has a "serious" need for
> medical treatment.

Id. at 1060. On the second element – "the nature of the defendant's response" – the Ninth Circuit has commented that "the fact that an individual sat idly by as another human being was seriously injured despite the defendant's ability to prevent the injury is a strong indicium of callousness and deliberate indifference to the prisoner's suffering." Id. at 1060.

Kiesz urges too restrictive a reading of the law defining deliberate indifference to a prisoner's serious medical need.  Plaintiff is not required to allege a specific, harmful medical result of Kiesz's alleged indifference in order to state a claim.  It is true that there is no Eighth Amendment violation if any delay in treatment is not harmful. See Shapely v.  Nevada Bd. Of State Prison Com'rs., 766 F.2d 404, 407 (9th Cir.1985).   However, unnecessary continuation of pain or suffering may constitute the "harm" necessary to establish an Eighth Amendment violation from delay in providing medical care. McGuckin, 974 F.2d at 1062.  Giving plaintiff all reasonable inferences and benefits of the doubt – an allowance still due a pro se plaintiff at the pleading stage – the court concludes that the complaint describes a situation in which Kiesz found plaintiff with a potentially serious medical need and "walked away."  The complaint's description of plaintiff having "collapsed" onto the floor and "feeling faint" meets McGuckin's standard of a serious medical need as one that "a reasonable doctor or patient would find important and worthy of comment or treatment[.]"  McGuckin, 974 F.2d at 1600; see Complaint at 5. McGuckin also makes clear that, as to the subjective culpability of a defendant's response, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." Id. (emphasis added).

3

1 Plaintiff therefore meets the second prong of a claim for deliberate indifference to a serious
2 medical need.
3 　　　　The gravamen of the complaint is that Kiesz left plaintiff with a possibly serious
4 medical need on the floor instead of treating him.  If true, such an allegation comprises a claim
5 for deliberate indifference in violation of the Eighth Amendment.  The motion to dismiss under
6 Rule 12(b)(6) should be denied.
7 　　　　IT IS HEREBY ORDERED that the Clerk of Court randomly assign this case to a
8 district judge.
9 　　　　IT IS RECOMMENDED that the motion to dismiss (Docket No. 16) be denied.
10 　　　　These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
12 one days after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties.  Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
15 shall be served and filed within fourteen days after service of the objections.  The parties are
16 advised that failure to file objections within the specified time may waive the right to appeal the
17 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 20, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3/smit1918.57