IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SMITH,

      Plaintiff,                    No.  2:11-cv-1918 JAM CKD P

    vs.

KIESZ, et al.,

      Defendants.         ORDER

_____/

        Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendant, a nurse employed at California State Prison- Solano ("CSP-Solano"), was deliberately indifferent to his serious medical needs when she failed to treat him for symptoms of "heartstroke" on July 22, 2010 while at the medical clinic.  (Dkt. No. 1 at 3.)  Three motions to compel discovery are pending.

        The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identify and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

I. <u>Plaintiff's Motions to Compel (Dkt. Nos. 28, 29)</u>

On October 24, 2012, plaintiff served defendant with one set of interrogatories and one set of requests for production of documents. Defendant responded to plaintiff's requests with objections and responses which plaintiff alleges are evasive and incomplete. Plaintiff attempted unsuccessfully to informally resolve the discovery dispute. He now moves to compel defendant to answer fully interrogatories number 1, 2, 9 and 10, and to produce documents responsive to his requests for production of documents number 2, 4 and 5.

A. <u>Document Requests</u>

1. <u>Request Number 2</u>

Plaintiff's request number 2 seeks "Any notes, documents, letters, memorandums, files, records, record books, logs, grievance reports or written communication concerning complaints against defendant Kiesz." (Dkt. No. 28 at 12.) Defendant objected as follows:

> The request is overly broad, compound, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. In addition, the request is vague and ambiguous with respect to the term "concerning complaints against defendant Kiesz." Kiesz further objects on the ground that the request seeks information that is protected from disclosure by state and federal privacy laws. Kiesz will not respond to this request.

(Dkt. No. 28 at 16.)

Defendant's objections on the grounds of overbreadth and ambiguity are reasonable; however, defendant must still produce relevant documents in her possession, custody and control. Plaintiff clarified this request in his motion to compel, stating that he seeks documents pertaining to Kiesz's "mistreatment of prisoners" which would be "relevant to the claim of deliberate indifference to a medical need," whether or not those documents are part of Kiesz's personnel records. (Dkt. No. 28 at 4.) Defendant asserts that plaintiff's motion to compel should be denied because plaintiff fails to address defendant's objections on the grounds of overbreadth and ambiguity. (Dkt. No. 31 at 3.) Because plaintiff is a pro se, incarcerated person, this court will not hold him to the same standard to which it might hold an attorney. It is

2

sufficiently clear that certain documents responsive to this request, if they exist, are relevant, notwithstanding the overbreadth and ambiguity of the original request. Accordingly, plaintiff's motion to compel disclosure of documents responsive to request number 2 will be granted to a limited extent, as follows, and subject to the protective order set forth herein.

Defendant is ordered to produce relevant documents, including documents from defendant's personnel file, during the time period of five years prior to the filing of plaintiff's complaint up to the present date, concerning either (1) allegations that defendant was deliberately indifferent to the serious medical needs of inmates; or (2) staff misconduct involving dishonesty. Any documents disclosed are subject to a protective order that (1) limits the use of the records and information to the instant action (see Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987)); and (2) requires defense counsel to redact any and all identifying personal information which might pose a security risk if released, including, but not limited to, the defendant's home addresses, social security numbers, telephone numbers, etc.

2. Request Number 4

Plaintiff's request number 4 seeks "[T]he doctors line schedule patients appointment (name, prison number and location) for the date of July 22, 2010." (Dkt. No. 28 at 12.) Defendant objected as follows:

> The request is vague and ambiguous with respect to which 'doctors' are covered. So too, the request is undefined in terms of location. Because this request is incomprehensible as written, Kiesz is unable to respond.
>
> To the extent that the request seeks information relating to the appointment schedule for any specific doctor at CSP-Solano's Primary Care Clinic on July 22, 2010, the request calls for information that is neither relevant to the claims at issue nor reasonably calculated to lead to the discovery of admissible evidence. Likewise, the request is overly broad and seeks information concerning third-parties that is protected from disclosure by state and federal privacy laws. Kiesz will not respond to this request.

(Dkt. No. 28 at 17.)

3

Defendant's objections to this request on grounds of vagueness and ambiguity are reasonable. Defendant recognizes that plaintiff attempted to clarify his request by submitting a "Revised Request for Production of Documents" stating that he sought the "doctors scheduled patient list" for the "Primary Care Provider for Facility B and A." (Dkt. Nos. 28 at 6; 31 at 4.) Defendant states "[u]nfortunately, this supplemental discovery request was propounded... after the Court's deadline for service of all written discovery." (Dkt. No. 31 at 4.) Plaintiff explains in his motion to compel that his "revised" discovery requests were submitted in an informal attempt at resolving the discovery dispute. (Dkt. No. 28 at 1.) He persuasively argues that defendant, a nurse employed at CSP-Solano, is cognizant of precisely what a doctors scheduled patient list is and that such documents do not disclose information such as medical data, but rather only inmates' "name, prison number, and cell location." (Dkt. No. 28 at 4-5.) As plaintiff asserts, the information sought is relevant to the extent there were any "patient/inmates in the Primary Care Clinic on July 22, 2010, at approximately 2:30 p.m. who had witness[ed] the denial of medical treatment by defendant Kiesz as asserted in the complaint." (Dkt. No. 28 at 7.)

The court has carefully considered both parties' arguments. Again, it is sufficiently clear that certain documents responsive to this request, if they exist, would be highly relevant to plaintiff's claim. Accordingly, plaintiff's motion to compel will be granted to the limited extent that defendant is ordered to produce any documents commonly known as the "doctors scheduled patient list" reflecting the names of inmates who may have been in the Primary Care Clinic on July 22, 2010 at approximately 2:30 p.m., subject to a protective order requiring defense counsel to redact any information other than the names, numbers, and cell locations of inmates who might have been present at that particular relevant time.

3. Request Number 5

Plaintiff's request number 5 seeks "[T]he nurses line schedule patients appointment (name, prison number, and location) for the date of July 22, 2010." (Dkt. No. 28 at 12.) Defendant objected as follows:

4

> The request is vague and ambiguous with respect to which "nurses" are covered. So too, the request is undefined in terms of location. Because this request is incomprehensible as written, Kiesz is unable to respond.
>
> To the extent that the request seeks information relating to the appointment schedule for any specific nurse at CSP-Solano's Primary Care Clinic on July 22, 2010, the request calls for information that is neither relevant to the claims at issue nor reasonably calculated to lead to the discovery of admissible evidence. Likewise, the request is overly broad and seeks information concerning third-parties that is protected from disclosure by state and federal privacy laws. Kiesz will not respond to this request.

(Dkt. No. 28 at 17.)

As defendant notes, this request mirrors the previous request, except that plaintiff is seeking the "register nurse scheduled patient list" rather than that of the primary care physician. In support of their positions, plaintiff and defendant advance the same arguments just discussed in regard to the previous request. Accordingly, for the same reasons just discussed, plaintiff's motion to compel will be granted as to request number 5 to the extent that defendant is ordered to produce any documents commonly known as the "register nurse scheduled patient list" reflecting the names of inmates who may have been in the Primary Care Clinic on July 22, 2010 at approximately 2:30 p.m., subject to a protective order requiring defense counsel to redact any information other than the names, numbers, and cell locations of inmates who might have been present at that particular relevant time.

### B. Interrogatories

#### 1. Interrogatory Number 1

Plaintiff's interrogatory number 1 states: "Please identify each person known to you and not otherwise identified in your answer to these interrogatories who has provided any information, or assistance of whatever nature or description relating to any of your answers to these interrogatories." (Dkt. No. 29 at 13-14.) Defendant objected:

/////

1  Responding party (Kiesz) objects on the grounds that the
   interrogatory is vague and ambiguous with respect to the term "of
2  whatever nature or description." The interrogatory is also
   compound. In addition, the interrogatory calls for information that
3  is neither relevant to the claims at issue, nor calculated to lead to
   the discovery of admissible evidence. Without waiving these
4  objections, Kiesz responds as follows: [¶] I consulted my attorney
   in preparing my responses to this set of interrogatories.

(Dkt.No. 29 at 17.)

Despite making objections, defendant responded to this interrogatory and clarifies in response to plaintiff's motion that the response given was full and complete. That is, defendant "talked with counsel- and no one else- in preparing her interrogatory responses." (Dkt. No. 32 at 3.) Accordingly, plaintiff fails to show that defendant's response was inadequate and the motion to compel will be denied as to plaintiff's interrogatory number 1.

2. <u>Interrogatory Number 2</u>

Plaintiff's interrogatory number 2 states "Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in plaintiff's complaint and state the information provided." (Dkt. No. 29 at 14.) Defendant objected as follows:

The interrogatory is vague and ambiguous with respect to the terms "information for affidavits or statements," and "relate to the allegations made in Plaintiff's complaint." The interrogatory is also compound. Without waiving these objections, Kiesz responds as follows: [¶] I have discussed Plaintiff's allegations with my attorney. The substance of our discussions is protected from disclosure by the attorney-client privilege.

(Dkt. No. 29 at 17.)

Again, defendant responded fully to this interrogatory despite making objections. Defendant clarifies in response to plaintiff's motion to compel that the answer provided was complete. Because plaintiff fails to show that the response provided is inadequate, his motion will be denied as to interrogatory number 2.

/////

6

3.  <u>Interrogatory Number 9</u>

Plaintiff's interrogatory number 9 states "Identify the procedure that medical staff follows in the event of a "man down" situation." (Dkt. No. 29 at 14.) Defendant objected as follows: "The interrogatory is vague and ambiguous with respect to time, date, and location, as well as with respect to the terms 'the procedure that medical staff follows,' and 'in the event of a 'man down' situation.'" (Dkt. No. 29 at 5.) Without waiving the objections, defendant responded:

> When an inmate reports a "man down" situation to prison staff, this is similar to a civilian calling 911. Some reports constitute legitimate medical emergencies, and some do not. But all "man down" situations are taken seriously at the moment they are reported.
>
> In a typical "man down" situation, the inmate notifies the correctional staff that he is having a medical problem and that he needs help. Correctional staff relay the report over the institutional radio, and medical staff respond and assess the inmate on site. If further evaluation or treatment is needed beyond what can be provided on site, medical staff see that the inmate is transferred to the institutional clinic or an outside hospital for appropriate care.

(<u>Id.</u> at 20.)

Plaintiff alleges that defendant's response was incomplete and evasive, because defendant "failed to state every element assigned to the responding medical team such as document completion." (Dkt. No. 29 at 5.) Accordingly, plaintiff served defendant with a "revised interrogatory number nine," which stated "Identify the procedural documents a responding Register Nurse complete and/or carries out upon custody reporting a medical code over the institutional radio." (Dkt. No. 29 at 33.) Defendant contends that this "revised request" did more than clarify the terms at issue in the original interrogatory and actually presented a whole new interrogatory outside the time allowed for discovery. (Dkt. No. 32 at 5.) Defendant argues that she should not be compelled to respond further, because she was under no obligation to respond to plaintiff's untimely "supplemental discovery." (<u>Id.</u>)

/////

Defendant is not obligated to respond to a new discovery request served outside the time for discovery. However, it appears that the specific information sought by plaintiff is indeed responsive to plaintiff's original interrogatory number nine. Whereas plaintiff's interrogatory number 9 asked about the procedure that medical staff follow, defendant's response focused as much on the procedure that correctional staff follow. Plaintiff's original interrogatory number 9 is not so vague and ambiguous with respect to the terms "the procedure that medical staff follows," and "man down situation" that it could not be understood to seek information about document completion by medical staff. If document completion is part of the procedure followed by medical staff in the event of a "man down" situation, then plaintiff has met his burden of demonstrating that the response provided in this regard was inadequate and incomplete. Accordingly, the motion to compel will be granted to the limited extent that defendant shall respond fully to plaintiff's interrogatory number 9 about the procedures followed by medical staff in the event of a "man down" situation, including document completion, unless defendant's response was complete as provided because, for example, document completion is not part of the procedure followed.

            4.   <u>Interrogatory Number 10</u>

Plaintiff's interrogatory number 10 states "Identify any parties who were on duty at CSP-Solano medical department at any time on the day of June 22, 2010." (Dkt. No. 29 at 14.) Defendant objected as follows:

> The interrogatory is overbroad and calls for information that is neither relevant to the claims at issue, nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the interrogatory is unduly burdensome and oppressive, in that it will require Kiesz to incur unnecessary expense locating documents and records that are irrelevant, or only marginally relevant, to the claims in this case.

(Dkt. No. 29 at 21.) Without waiving the objections, Kiesz responded: "I am informed that Nurse Collins was on duty in the Facility II Primary Care Clinic on July 22, 2010, and that Correctional Officer R. Speight was on shift in the Clinic that day as well." (<u>Id.</u> at 21.)

1           Upon receiving defendant's objections, plaintiff attempted to clarify the
2   interrogatory by providing a "revised request" seeking only the nurses and doctors "on duty at
3   CSP-Solano, primary care clinic on July 22, 2010, approximately 2:30 p.m." (Dkt. No. 29 at 33.)
4   Again, defendant argues that this clarification constituted supplemental discovery served outside
5   the time for discovery. (Dkt. No. 32 at 6-7.) Defendant further asserts that the motion to compel
6   should be denied because plaintiff does not address in his motion "why he demanded the names
7   of *all* medical service workers *on shift anywhere* at CSP-Solano during the 24 hour period at
8   issue, when Plaintiff's complaint allegations are essentially limited to a one-hour period (from
9   2:30-3:30 p.m.) in the Facility II Primary Care Clinic." (Dkt. No. 32 at 6.)
10          Although plaintiff's initial interrogatory number 10 was indeed overbroad and
11  inartfully drafted as to scope, plaintiff attempted to correct this deficiency as soon as he was
12  made aware of it. In the interest of justice, the court will compel defendant to respond with the
13  identities of medical staff on duty in the Facility II Primary Care Clinic at approximately 2:30
14  p.m. To clarify, defendant is not being compelled to respond to what she considers to be
15  supplemental discovery served outside the time frame for discovery; rather, defendant is being
16  compelled to respond with relevant information to plaintiff's original interrogatory number 10.
17  II. Defendant's Motion to Compel (Dkt. No. 30)
18          In November 2012, defendant propounded discovery on plaintiff consisting of one
19  set of interrogatories and one set of requests for production of documents. (Dkt. No. 30-1 at 1.)
20  In January 2013, plaintiff served his responses, which defendant contends are inadequate. In
21  particular, defendant alleges that plaintiff has essentially failed to respond at all to the extent he
22  stated he would supplement several responses "at the completion of discovery and resolution of
23  any motion to compel entertained by the court," and did not do so. (Id. at 2.) Defendant moves
24  to compel plaintiff to respond further to interrogatories number 2, 9, and 19, and to produce for
25  inspection documents responsive to her requests for production of documents number 2 and 3.
26  /////

A. <u>Interrogatories</u>

    1. <u>Interrogatories Number 2 and 19</u>

Defendant's interrogatory number 2 states: "Identify all witnesses by name (and if an inmate, include CDCR number) who were present and observed you lying on the floor of the Facility II Primary Care Clinic waiting room area from approximately 2:30 to 3:30 p.m. on July 22, 2010." (Dkt. No. 30-2 at 5.)

Defendant's interrogatory number 19 states: "Identify all witnesses by name (and if an inmate, include CDCR number) that you intend to call at trial in support of your claim against Defendant Kiesz." (Dkt. No. 30-2 at 14.)

Plaintiff responded to both interrogatories number 2 and 19 as follows: "Objection. Plaintiff is unable to respond to this interrogatory at this time because discovery has yet to be completed. Without waiving [these objections], Plaintiff responds as follows: [¶] Plaintiff will supplement this response at the [completion] of discovery and [resolution of] any motion to compel is entertained by the court." (Dkt. No. 30-2 at 24, 30.)

Discovery closed, and plaintiff did not supplement these two discovery responses. He alleges that he cannot respond further without the documents he requested in his requests for production of documents number 4 and 5, discussed herein, which defendant has not produced.

Notwithstanding plaintiff's non-receipt of requested discovery documents, plaintiff, like defendant is obligated to comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court and to respond to discovery requests to the best of his ability, with the information he currently has. While extensive research is not required, a reasonable effort to respond must be made. <u>L.H. v. Schwarzenegger</u>, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D.Cal. Sep. 21, 2007). Even if plaintiff does not have the names of any witnesses responsive to defendant's interrogatories number 2 and 19 at the current time, he must still respond to defendant's interrogatory, so stating. If he later becomes aware of the names of any witnesses not yet disclosed, perhaps after receipt of discovery material from

defendant, then he must supplement his responses. See Fed. R. Civ. P. 26(e).  Because plaintiff's responses were insufficient in this regard, defendant's motion to compel will be granted as to interrogatories number 2 and 19.

### 2. Interrogatory Number 9

Defendant's interrogatory number 9 states: "Describe in detail every conversation you had with Correctional Officer Speight on July 22, 2010, at the Facility II Primary Care Clinic, from the time you entered the clinic at approximately 2:30 p.m., to the time that you were taken to the CSP-Solano Center Complex at approximately 3:30 p.m." (Dkt. No. 30-2 at 9.) Plaintiff responded: "Objection.  This interrogatory is unduly broad and burdensome with regards to 'describ[ing] in detail every conversation'.  This would require laborious, time-consuming analysis, and description of incidental, secondary, and perhaps irrelevant and trivial details. Without waiving these objections, Plaintiff responds as follows: [¶] I do not recall every conversation." (Dkt. No. 30-2 at 27.)

Plaintiff's objections are without merit and his response that he does not recall every conversation is insufficient.  Defendant's motion to compel will be granted as to interrogatory number 9 and plaintiff must respond to the best of his ability, describing as best he can all conversations responsive to the interrogatory, and providing even the details that he believes "might" be irrelevant or trivial.  Plaintiff is reminded that "relevant information" for discovery purposes need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).

### B. Requests to Produce

Defendant's request number 2 states "Produce copies of all letters, grievances, or inmate appeals that you submitted in connection with your claims in this lawsuit." (Dkt. No. 30-2 at 19.)

Defendant's request number 3 states "Produce all documents that support your claim that Defendant Kiesz was deliberately indifferent to your serious medical need(s) on July

22, 2010." (Dkt. No. 30-2 at 19.)

Plaintiff responded to both interrogatories number 2 and 3 as follows: "Objection. Plaintiff is unable to respond to this interrogatory [*sic*] at this time because discovery has yet to be completed. Without waiving these objections, Plaintiff responds as follows: [¶] Plaintiff will supplement this response at the finality of discovery and any motion to compel is entertained by the court." (Dkt. No. 30-1 at 4.)

Plaintiff's objections to defendant's requests for production are without merit. Plaintiff must produce all documents in his possession, custody or control that are responsive to defendant's request for production of documents. See Fed. R. Civ. P. 34(1). Plaintiff must do so notwithstanding the fact that he believes he is still owed discovery material from defendant. Plaintiff must provide the documents he currently has in his possession, and supplement his responses at a later time, if necessary.

Defendant requests the court to warn plaintiff that failure to comply with the courts' order may result in sanctions, including dismissal of the action. Defendant's request is granted and both parties are hereby cautioned that failure to obey a court order to respond to discovery may result in further just orders or sanctions, which may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel (Dkt. No. 28) is GRANTED as to requests number 2, 4 and 5 to the extent discussed herein, and subject to protective orders as discussed herein, and defendant shall produce responsive documents within 14 days of the date of this order.

2. Plaintiff's motion to compel (Dkt. No. 29) is GRANTED in part, as to interrogatories number 9 and 10 as discussed herein; and DENIED in part as to interrogatories number 1 and 2, and defendant shall respond further, where appropriate, within 14 days of the date of this order.

3. Defendant's motion to compel (Dkt. No. 30) is GRANTED in all respects, and plaintiff shall produce documents to requests 2 and 3 and respond further to defendant's interrogatories 2, 9 and 19 within 14 days of the date of this order.

4. Sua sponte, the deadline for dispositive motions is extended to May 10, 2013.

Dated: April 3, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
smit1918.mtc