1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID SMITH,                          No.  2:11-cv-1918 JAM CKD P

12                  Plaintiff,

13         v.

14   KIESZ, et al.,                        ORDER

15                  Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

18   Pending before the court is plaintiff's motion for sanctions and to compel discovery (ECF No.

19   41).  However, this order does not resolve the pending discovery dispute; instead, this order only

20   addresses plaintiff's recently filed supplement (ECF No. 56) to his previously filed motion to

21   compel discovery.  The supplement and attached exhibits raise alarming questions for the court,

22   and this order compels defendant through counsel to answer these questions, which are elaborated

23   below.

24   I.    Background

25         Defendant Kiesz is a nurse at California State Prison Solano (CSP-Solano).  The

26   underlying dispute in this case centers on defendant's alleged deliberate indifference to plaintiff's

27   serious medical needs on July 22, 2010 at the medical clinic.  The issue raised by this order is

28   defendant's responses to plaintiff's propounded requests for production four and five, and

                                            1

1   statements made in connection with defendant's opposition to plaintiff's currently pending

2   motion to compel discovery.

3   II.  Discussion

4          Plaintiff, in his requests for production numbers four and five propounded on October 24,

5   2012, sought: "[T]he doctors line schedule patients appointment (name, prison number and

6   location) for the date of July 22, 2010," as well as "[T]he nurses line schedule patients

7   appointment (name, prison number, and location) for the date of July 22, 2010."  (ECF No. 34, at

8   3:15-16, 4:24-26 (citing ECF No. 28, at 12).)  Plaintiff argued this information is relevant to

9   locate witnesses to defendant's alleged denial of medical treatment on the date in question.

10  Defendant refused to produce these documents, objecting to the requests' vagueness and

11  ambiguity, and plaintiff moved to compel production of these documents.

12         The court granted plaintiff's motion to compel to a limited extent, and ordered defendant

13  to "produce any documents commonly known as the 'doctors scheduled patient list'" and "any

14  documents commonly known as the 'register nurse scheduled patient list' reflecting the names of

15  inmates who may have been in the Primary Care Clinic on July 22, 2010 at approximately 2:30

16  p.m., subject to a protective order requiring defense counsel to redact any information other than

17  the names, numbers, and cell locations of inmates who might have been present at that particular

18  relevant time."  (ECF No. 34, at 4:17-22, 5:13-19.)

19         However, defendant did not produce these lists.  Instead, defendant stated in her

20  supplemental responses to requests for production four and five:

21              After a diligent search, no responsive materials were located.
                Insofar as any relevant items may have existed at one time, Kiesz
22              has confirmed (through counsel) that they would have been
                disposed of approximately 60 days after the appointment date (July
23              22, 2010), in keeping with CSP-Solano's customary records
                retention timeline for this type of material.
24

25  (Def.'s Opp'n to Pl.'s Mot. Compel Disc. ("Opp'n") 4:19-28, ECF No. 54 (emphasis added).)

26  Plaintiff's pending motion to compel seeks *inter alia* production of these documents, and

27  defendant argues the court need not grant plaintiff's motion and order production because: "The

28  documents that Plaintiff seeks in his Requests for Production 4 and 5 no longer exist."  (Id. at

1  5:20.)

2        This is why the court finds plaintiff's supplement to his motion to compel so alarming:

3  apparently these documents do in fact exist.  In Exhibit A to plaintiff's supplement, plaintiff

4  attached a letter from CSP-Solano Litigation Coordinator C. Servantes.  In this letter, Cervantes

5  states "[t]he 'doctors line and RN line' lists are maintained for 4 years," (ECF No. 56, at 10),

6  which contradicts defense counsel Delgado's declaration, in which he declares: "CSP-Solano

7  does not keep documents or lists of 'Doctors, Registered Nurses or clinic appointment lists

8  beyond 60 days,' or just long enough for the medical department to close out the appointments

9  administratively."  (Decl. T. Delgado in Supp. of Def.'s Opp'n to Pl.'s Mot. Compel Disc. ¶ 5,

10  ECF No. 54-3.)  Moreover, Exhibit B to plaintiff's supplement appears to include the very

11  documents the court ordered defendant to produce (albeit in heavily redacted form).  (ECF No.

12  56, at 13-26.)

13  III. Conclusion

14        Since plaintiff's motion for sanctions is currently pending, and since plaintiff's motion to

15  compel seeks the very documents that are discussed above, the pending motion requires

16  clarification from defendant through counsel.  Accordingly, defendant through her counsel is

17  HEREBY ORDERED to explain:

18      1.  If Exhibit B is, as it appears to be, the documents which defense counsel averred did

19         not exist;

20      2.  If Exhibit B is, in fact, the documents at issue, why these documents were not

21         produced to plaintiff in compliance with this court's order; and

22      3.  What reason, if any, does defendant have for withholding these documents; or

23         alternatively, what steps are defendant taking to ensure plaintiff obtains these

24         documents in the form set out by this court's order (ECF No. 34)?

25  ////

26  ////

27  ////

28  ////

3

1  Defendant shall file this explanation addressing the above questions within 7 days of the issuance

2  of this order.  Plaintiff need not file a response.

3  Dated:  August 23, 2013

4  _____
   CAROLYN K. DELANEY

5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9  GP
   smit1918.exp

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28