UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SMITH,<br><br>        Plaintiff,<br><br>   v.<br><br>KIESZ, et al.,<br><br>        Defendants. | No.  2:11-cv-1918 JAM CKD P<br><br><br><br>ORDER |

     Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Currently before the court is plaintiff's motion for sanctions and to compel discovery (ECF No. 41). The exhibits attached to plaintiff's motion, considered together with the record in this case as set forth below, raise troubling questions about defendant's conduct in discovery. Accordingly, and for the reasons that follow, the undersigned will grant plaintiff's motion for sanctions in part, subject to such written objections as defendant elects to file, and deny plaintiff's motion to compel.

I. <u>Background</u>

     Defendant Kiesz is a nurse at California State Prison (CSP) Solano. The underlying dispute in this case centers on defendant's alleged deliberate indifference to plaintiff's serious medical needs. The issue *sub judice* is defendant's conduct in discovery, specifically in the veracity of her response to an interrogatory.

1    In a response to an interrogatory propounded by plaintiff, defendant Kiesz averred on
2 December 26, 2012: "I have never held any animus towards an inmate, including Plaintiff, this is
3 corroborated by the fact that in over 27 years as a registered nurse, I have never had a patient
4 complaint filed against me that I know of, until now." (ECF No. 41, at 2:21-23.)
5    Plaintiff, in his request for production number two propounded on October 24, 2012,
6 sought: "Any notes, documents, letters memorandums, files, records, record books, logs,
7 grievance reports or written communication concerning complaints against defendant Kiesz."
8 (ECF No. 28, at 12.) Defendant refused to respond to this request on December 7, 2012,
9 objecting that the request was ambiguous and overbroad, and that the request "seeks documents
10 not reasonably calculated to lead to the discovery of admissible evidence." (ECF No. 28, at 16.)
11    The court granted plaintiff's motion to compel, and ordered defendant to "produce
12 relevant documents, including documents from defendant's personnel file, during the time period
13 of five years prior to the filing of plaintiff's complaint up to the present date, concerning either
14 (1) allegations that defendant was deliberately indifferent to the serious medical needs of inmates;
15 or (2) staff misconduct involving dishonesty." (ECF No. 34, at 3:5-8.)
16    In response to this court's order, defendant produced documentary evidence of five
17 separate complaints against defendant by inmate patients within the last five years. Defendant's
18 signature appears on many of these documents, including a written statement that defendant made
19 in connection with an administrative review arising from one of these complaints. Defendant's
20 supervising registered nurse, C. Sakaii, reviewed this statement, compared it to the treatment and
21 triage area (TTA) log sheets, concluded "the TTA log sheets . . . do not corroborate RN
22 [defendant's] statement," and recommended "further administrative action" based on the
23 "potential severity of the situation." (ECF No. 41, at 31.) Ultimately, the second level
24 administrative review concluded that defendant "did violate CDCR policy." (ECF No. 41, at 43.)
25    In a declaration attached to her opposition to plaintiff's motion for sanctions, defendant
26 initially admits her "initial response" to the interrogatory "was incorrect," but explains the "error
27 was not intentional or meant to mislead," because defendant, "so far as [she] knew," had "never
28 had a patient complaint against [her] that was <u>later substantiated</u>." (Decl. P. Kiesz in Supp. of

2

Def.'s Opp'n to Pl.'s Mot. for Sanctions 2:2-14, ECF No. 55-1 (emphasis added).)  Regarding the second-level administrative review which ended in a finding that defendant's conduct had in fact violated CDCR policy, defendant "recall[s] this inmate's complaint vividly," but she avers that she had "assumed that nothing came of the appeal, and that it was denied like the small handful of other appeals in which [she has] been named. [She] did not know," she says, "about this appeal's outcome until . . . June 2013[]." (Id. at 2:25-3:3.)

II. Discussion

In light of the reluctantly produced inmate-patient complaints contradicting defendant's prior response to an interrogatory, plaintiff moved for sanctions.  In her opposition to plaintiff's motion for sanctions, defendant argues sanctions should not be imposed because defendant's response to the interrogatory was a mere "misstatement," and defendant has otherwise complied with the obligations of discovery: "Plaintiff is now in possession of five staff complaints . . . .  If anything, Nurse Kiesz's mistake has proven to be an undeserved windfall for Plaintiff." (Opp'n to Pl.'s Mot. Sanctions 3:23-4:2, ECF No. 55 (emphasis added).)

A. Legal Standard

A federal "court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose," Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 & n.10 (1991)), or if a party has "willfully deceived the court." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983).  Moreover, "reckless and knowing conduct in [a] case [is] tantamount to bad faith and therefore sanctionable under the court's inherent power." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002).  "[T]he bad faith requirement sets a high threshold." Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1132 (9th Cir. 2008).  "[A]bsent a confession," bad faith "must be inferred from circumstances." Hull v. Municipality of San Juan, 356 F.3d 98, 101 (1st Cir. 2004).  "When choosing among possible sanctions, the district court may consider the deterrent value . . . on future litigants as well as on the parties." Wyle, 709 F.2d at 589 (citing Nat'l Hockey League v. Met. Hockey Club, Inc., 427 U.S. 639, 642-43 (1976)).

1      If a party deliberately withholds material information in discovery, then sanctions should
2 follow.  For example, in Hull v. Municipality of San Juan, the plaintiff "did not reveal, in
3 response to questions fairly seeking this information, facts about his prior injuries and
4 treatment—until the defense uncovered this information on its own."  356 F.3d at 100.  The
5 district court dismissed the plaintiff's personal injury claim, and this dismissal was affirmed on
6 appeal.  Id. at 104.  The First Circuit reasoned that "the information withheld was too patent and
7 too convenient, and the pattern of deceit and grudging concessions too marked, to excuse the
8 misstatements and omissions as merely careless."  Id. at 101-02.

9      B.  Analysis of Plaintiff's Motion for Sanctions

10     Defendant in this case initially averred that "in over 27 years as a registered nurse, [she]
11 had] never had a patient complaint filed against [her] that [she] kn[e]w of, until now."  (ECF No.
12 41, at 2:21-23.).  After the court compelled her "to produce relevant documents, including
13 documents from defendant's personnel file, during the . . . five years prior to the filing of
14 plaintiff's complaint up to the present date, concerning . . . allegations that defendant was
15 deliberately indifferent to the serious medical needs of inmates," (ECF No. 34, at 3:5-8),
16 defendant produced five patient complaints from within the last five years.  Defendant's attempt
17 to explain her earlier statement as referencing only "later substantiated" complaints is not
18 believable.  In her own words, defendant indicated that she had no complaints "filed" against her.
19 Under no reasonable understanding of English is "filed" equivalent to "substantiated."  Further,
20 the court notes that defendant through her counsel Mr. Delgado did not correct defendant's
21 incorrect response to plaintiff's interrogatory until well after plaintiff's motion for sanctions was
22 filed on May 22, 2013, and defendant's motion for summary judgment was filed on May 24,
23 2013.  (See Decl. T. Delgado in Supp. of Def.'s Opp'n to Pl.'s Mot. Sanctions ¶ 8, ECF No. 55-2
24 (stating that defendant did not "clarif[y]" the discovery response until "June 17, 2013").)

25     Moreover, defendant's explanation that she assumed the most recent appeal was denied
26 and therefore unsubstantiated and "did not know about this appeal's outcome" until June 2013 is
27 not believable.  Defendant herself says she recalled the initial staff complaint and the subsequent
28 interview "vividly."  (Decl. Kiesz ¶ 6.)  Defendant's supervising nurse reviewed defendant's

4

statement made in May 2011, concluded "the TTA log sheets . . . do not corroborate RN Riesz's statement," and recommended "further administrative action" based on the "potential severity of the situation." (ECF No. 41, at 31.) This determination by defendant's supervisor occurred in June 2011. Later that same month, defendant's chief executive officer determined that defendant's conduct "violate[d] CDCR policy." (ECF No. 41, at 43.) The court finds defendant's explanation—that she "vividly" remembered the initial complaint and subsequent interview but "did not know about the appeal's outcome" until two years later (Decl. Kiesz ¶ 6)—is not credible. As in Hull, the undersigned finds that "the information withheld"—complaints from other similarly situated patient inmates—"was too patent and too convenient, and the . . . deceit and grudging concession[] too marked, to excuse the misstatements and omissions as merely careless." 356 F.3d at 101-02.

Since defendant eventually voluntarily produced the prior complaints referenced above in response to this court's order, unlike in Hull where the opposing party discovered the withheld information on its own, a default judgment for plaintiff is not warranted here, however. Cf. id. at 100 ("Andrew did not reveal, in response to questions fairly seeking this information, facts about his prior injuries and treatment—until the defense uncovered this information on its own."). Nonetheless, the court finds defendant "has acted in bad faith . . . delaying or disrupting litigation" and levies a monetary sanction of $500.00 to be paid by defendant to the court. Fink, 239 F.3d at 992.

C. Analysis of Plaintiff's Motion to Compel

In a response to the court's order on August 23, 2013, (ECF No. 57), defendant admitted that the documents sought in plaintiff's pending motion to compel production of documents in response to requests for production four and five—patient appointment lists for nurses and doctors who worked at CSP-Solano on July 22, 2010—"exist" and "should have been produced in discovery." (Def.'s Resp. to Court's Order 9:2-4, ECF No. 60.) Moreover, defendant states, "Now that those documents have been located, they will be produced to Plaintiff without delay." (Id. at 9:6-7.) Accordingly, the court need not compel production of these documents, and

/////

plaintiff's motion to compel a response to requests for production four and five is therefore DENIED AS MOOT.

Further, since defendant "previously answered she has no current recollection" regarding her supplemental response to interrogatory ten, Heilman v. Lyons, No. 2:09-cv-2721 KJN P, 2011 WL 2415032, at *8-9 (E.D. Cal. June 10, 2011), plaintiff's motion to compel an additional response to interrogatory ten is DENIED.

III. Conclusion

Accordingly,

1. Plaintiff's motion to compel discovery is DENIED.

2. The court GRANTS IN PART plaintiff's motion for sanctions, and imposes a monetary sanction of $500.00 to be payable to the Clerk of the Court by defendant Kiesz within 14 days.  Alternatively, defendant may respond to this court's issuance of sanctions with written objections within 14 days.  A hearing will be scheduled only if defendant specifically and conspicuously requests a hearing in any such written objections she elects to file.  If defendant files written objections, plaintiff may file a response within 14 days of service of the objections.

3. In light of defendant's response to this court's order evincing that the patient appointment lists for nurses and doctors who worked at CSP-Solano on July 22, 2010 "exist" and "should have been produced in discovery," (Def.'s Resp. to Court's Order 9:2-4, ECF No. 60), plaintiff is granted:

    a. 30 days from the date on which this order issues to investigate the information contained in these documents; and

    b. 60 days from the date on which this order issues to resolve such disputes that may arise concerning the investigation of such information that may be contained in these documents.

4. Since this order resolves the pending discovery motions, plaintiff's opposition to defendant's motion for summary judgment (ECF No. 43) is due 90 days after the date

/////

6

1  on which this order issues. Defendant may file and serve a reply no later than 97 days
2  after the date on which this order issues.
3      IT IS SO ORDERED.
4  Dated: September 6, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

GP
smit1918.mtc2