UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SMITH,<br><br>      Plaintiff,<br><br>   v.<br><br>KIESZ, et al.,<br><br>      Defendants. | No. 2:11-cv-1918 JAM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Kiesz (defendant) is a Registered Nurse employed at California State Prison Solano (CSP Solano). Plaintiff's remaining claim concerns medical care while plaintiff was housed at CSP Solano and arises under the Eighth Amendment. Defendant has filed a motion for summary judgment.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

/////

1

purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

1   In resolving the summary judgment motion, the evidence of the opposing party is to be
2   believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the
3   facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475
4   U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
5   obligation to produce a factual predicate from which the inference may be drawn.  See Richards
6   v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
7   (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than
8   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
9   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
10  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

11  II.  Facts For Purposes of Defendant's Motion

12  In his complaint, plaintiff alleges, under the penalty of perjury, that on July 22, 2010, he
13  met with "Nurse Vicky" in one of the clinics at CSP Solano.  Plaintiff informed "Nurse Vicky" he
14  was suffering from dizziness and headaches.  "Nurse Vicki" informed plaintiff that there was no
15  doctor available to see plaintiff but she would make an appointment for plaintiff to see a doctor in
16  two weeks.

17  At that point, plaintiff left the clinic.  Just outside the clinic, in a breezeway, he became
18  faint and fell.  Another inmate brought plaintiff back into the clinic.  Correctional Officer Speight
19  called "man down" and defendant responded.

20  Defendant asked plaintiff what was wrong.  Plaintiff told defendant he had collapsed after
21  feeling faint.  Defendant responded "I am not going to treat you" and walked away.

22  After defendant left, plaintiff lay on the floor on his back in the clinic for about an hour.
23  At that point, he was taken to a holding cell where plaintiff lay on the floor for another three
24  hours.  After that, he was taken back to his cell in a wheel chair.

25  Plaintiff's medical records show he met with Nurse Practitioner Mallory on July 1, 2010
26  for headaches and allergies.  Nurse Practitioner Mallory prescribed 650 mg ibuprofen to be taken
27  three times daily or as needed.  Plaintiff was provided with a 90 day supply.  Plaintiff was told to
28  return to the clinic if his symptoms did not improve.  Decl. of P. Kiesz at ¶ 4.

1    In her affidavit, defendant indicates she has no recollection of interacting with plaintiff on
2  July 22, 2010.  She does acknowledge that she worked in the CSP Solano clinic on July 22, 2010.
3  There are no medical records confirming that defendant met with plaintiff on July 22, 2010.

4    In his affidavit, Correctional Officer Speight indicates that in response to plaintiff's
5  condition, he went to the "Triage and Treatment Area" inside the clinic and informed defendant
6  what had happened.  Defendant then followed Speight back to the waiting area.  Decl. of R.
7  Speight at ¶ 5.

8    At his deposition, plaintiff asserted the ibuprofen prescribed to him by Nurse Practitioner
9  Mallory helped with his headaches, but did not totally alleviate them.  RT at 55.   He also
10  indicated that when he spoke with defendant, he told her he had been suffering headaches as well
11  as dizziness.  Id. at 71.  Finally, he indicates that his headache ended on July 22, 2010 around the
12  time he went to sleep.  Id. at 84.

13    In his affidavit attached to his opposition to defendant's motion for summary judgment,
14  plaintiff asserts he initially sought medical attention on July 22, 2010, for "prolonged dizziness
15  and headaches."  ¶ 6.  He was seen by the "lead nurse" who the court assumes is the person
16  plaintiff refers to as "Nurse Vicky" in his complaint.  ¶¶ 10-11.  He also asserts heat exacerbates
17  his headaches and dizziness and it was very hot on July 22, 2010 as he waited in the breezeway.
18  ¶ 13.  However, nothing suggests plaintiff ever informed defendant or "Nurse Vicky" of this or
19  that he was suffering in any way because it was hot.[1]

20  III.  Defendant's Argument And Analysis

21    Defendant argues that she is entitled to summary judgment because there is no evidence
22  that she was deliberately indifferent to a serious medical need suffered by plaintiff on July 22,
23  2010.  The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical
24  care of prison inmates.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state a section

---

[1] Defendant objects to some of the information provided by plaintiff in his affidavit and to some of the exhibits attached to his opposition to defendant's motion for summary judgment.  Because consideration of that material is not necessary for the court to reach the conclusion that defendant's motion for summary judgment should be denied, the court will not rule on those objections.

4

1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.  The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation.  Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

The court assumes that it was defendant's job responsibility to respond to any emergency-like situation in the medical clinic on July 22, 2010, given that Correctional Officer Speight reported plaintiff's condition to her while she was in the "Triage and Treatment Area."  Plaintiff indicating to defendant that he had "collapsed" after feeling faint, and that he was suffering from headaches, creates at least a genuine issue of material fact as to whether plaintiff suffered from a sufficiently serious medical condition so that the Eighth Amendment required that defendant not ignore plaintiff and his symptoms; which is essentially what plaintiff alleges defendant did.  Therefore, plaintiff has presented facts upon which a trier of fact could find that defendant was deliberately indifferent to his serious medical needs.

Defendant also argues that she is entitled to summary judgment because there is no evidence indicating she caused plaintiff any injury.  The court finds there is at least a genuine issue of material fact as to whether defendant could have taken some steps to alleviate plaintiff's symptoms (like request that a physician examine plaintiff so that more effective pain medication than the previously prescribed ibuprofen could be provided).  Further, defendant fails to assert or point to evidence indicating there was nothing she could do to help alleviate plaintiff's symptoms under the circumstances.

For all of these reasons, the court will recommend that defendant's motion for summary judgment be denied.

/////

Accordingly, IT IS HEREBY RECOMMENDED that defendant Kiesz's motion for summary judgment (ECF No. 43) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
smit1918.57